1 | William B. Nash (TX Bar No. 14812200)
(bill.nash@haynesboone.com)
*Pro hac vice* application to be filed
Jason W. Whitney (TX Bar No. 24066288)
(jason.whitney@haynesboone.com)
*Pro hac vice* application to be filed
**HAYNES AND BOONE, LLP**
112 East Pecan Street, Suite 1200
San Antonio, TX 78205
Phone: (210) 978-7000
Fax: (210) 978-7450

JENNIFER M. LANTZ (CA Bar No. 202252)
(jennifer.lantz@haynesboone.com)
NICHOLAS V. MARTINI (CA Bar No. 237687)
(nick.martini@haynesboone.com)
**HAYNES AND BOONE, LLP**
525 University Avenue, Suite 400
Palo Alto, California 94301
Phone: (650) 687-8800
Fax: (650) 687-8801

Attorneys for Plaintiff
J & K IP ASSETS, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| J & K IP ASSETS, LLC, | § § § § | Civil Action No. _____ |
| Plaintiff | § § | **PLAINTIFF J & K IP ASSET'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | § § § | |
| ARMASPEC, INC. | § § | |
| Defendant. | § § § § | **DEMAND FOR JURY TRIAL** |

Plaintiff J & K IP Assets, LLC ("J & K") files this Original Complaint for patent infringement against Defendant Armaspec, Inc. ("Armaspec") and states as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

## PARTIES

2. J & K is a Wyoming limited liability company with its principal office address at 1621 Central Ave., Cheyenne, Wyoming 82001.

3. Armaspec is a California corporation with a principal place of business at 1445 N. Carolan Ave., Burlingame, California, 94010. Armaspec's registered agent for service of process is Alex Iosilevsky, who is located at 2159 31st Ave., San Francisco, California, 94116.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Armaspec is incorporated in California and maintains its principal place of business in this District. In addition, Armaspec regularly and deliberately offers and sells products in this District that infringe the patent asserted herein. This Court therefore has personal jurisdiction over Armaspec.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Armaspec (i) resides in this District by its incorporation in California and (ii) has committed acts of infringement and has a regular and established place of business in this District.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action shall be assigned on a district-wide basis.

**GENERAL ALLEGATIONS**

8. J & K is an intellectual property holding company founded by John Paul Gangl, an inventor and the president of JP Enterprises, Inc., which manufactures and sells a broad range of high-quality firearms and firearm components. J & K's intellectual property portfolio includes multiple pending and issued patents and represents considerable investment in research-and-development efforts led by Mr. Gangl.

9. Among other patents, J & K owns all right, title, and interest in U.S. Patent No. 8,800,424 ("the '424 Patent"), including without limitation the right to sue for past, present, and future damages.

10. The '424 Patent, which is entitled "Capture Spring Assembly for a Firearm," was duly and legally issued by the United States Patent and Trademark Office on August 12, 2014 and identifies J & K as the assignee. The '424 Patent covers a unique and novel buffer assembly for firearms. A true and correct copy of the '424 Patent is attached hereto as Exhibit A.

11. Upon information and belief, Armaspec is a U.S.-based manufacturer of firearm accessories, including for the AR platform. Armaspec's products include the "Stealth Recoil Spring" buffer assembly, which Armaspec offers at the following website: http://armaspec.com/product/stealth-recoil-spring/.

12. Upon information and belief, Armaspec manufactures, advertises, offers, and sells the "Stealth Recoil Spring" buffer assembly within the United States. Upon information and belief, Armaspec has used the "Stealth Recoil Spring" buffer assembly within the United States, including for purposes of demonstrations to customers and potential customers.

13. On or about June 6, 2017, patent prosecution counsel of record for the '424 Patent transmitted a letter to Armaspec accusing the "Stealth Recoil Spring" buffer assembly of infringing the '424 Patent. A true and correct copy of the correspondence to Armaspec is attached hereto as Exhibit B.

14. Thereafter, prosecution counsel made good-faith efforts to reach an agreement regarding Armaspec's infringing "Stealth Recoil Spring" buffer assembly. However, those efforts, which continued over several months, were rejected by Armaspec. Consequently, J & K has filed

this suit to protect its rights and to seek remedies, including damages and injunctive relief, for Armaspec's past and continued infringement.

# FIRST CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 8,800,424)

15. J & K repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

16. Armaspec is infringing and has infringed the '424 Patent by making, using, selling, offering to sell, or importing products practicing and embodying the inventions claimed in the '424 Patent.

17. <u>First</u>, Armaspec has directly infringed the '424 Patent by making, using, selling, offering to sell, or importing products within the scope of one or more claims of the '424 Patent, including the "Stealth Recoil Spring" buffer assembly.

18. Upon information and belief, Armaspec's infringement is and has been willful because of its knowledge of the '424 Patent, both constructive and actual. For example, Armaspec has possessed actual knowledge of the '424 Patent and its infringement thereof since at least June 6, 2017, when patent prosecution counsel of record for J & K sent a letter to Armaspec accusing the "Stealth Recoil Spring" buffer assembly of infringing the '424 Patent. Additionally, Armaspec had constructive knowledge of the '424 Patent and its infringement thereof prior to June 6, 2017 based on products marked with or identifying the '424 Patent.

19. <u>Second</u>, Armaspec has indirectly infringed the '424 Patent by intentionally inducing others, including its customers and retailers, to use, sell, or offer to sell products within the scope of one or more claims, including the "Stealth Recoil Spring" buffer assembly, with knowledge that the induced acts constitute infringement of the '424 Patent.

20. Since at least June 6, 2017, Armaspec has actually known about the '424 Patent and that the use, sale, or offer to sell the "Stealth Recoil Spring" buffer assembly constituted infringement of the '424 Patent.

21. Upon information and belief, Armaspec specifically intended its customers to infringe the '424 Patent by using the "Stealth Recoil Spring" buffer assembly on and after June 6, 2017.

22. Upon information and belief, Armaspec specifically intended its retailers to infringe the '424 Patent by selling and offering to sell the "Stealth Recoil Spring" buffer assembly since on and after June 6, 2017.

23. Upon information and belief, Armaspec induced its customers and retailers to infringe the '424 Patent through advertisements, marketing, product instructions, product support, and/or retailer agreements.

24. <u>Third</u>, Armaspec has indirectly infringed the '424 Patent by contributing to the direct infringement by others, including its customers, by making, using, selling, or offering to sell a material component of one or more claims, including the "Stealth Recoil Spring" buffer assembly, knowing that such component is especially made or especially adapted for use in the infringement of the '424 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing uses.

25. Since at least June 6, 2017, Armaspec has actually known about the '424 Patent and that the "Stealth Recoil Spring" buffer assembly, when used in a rifle, infringes the '424 Patent. Armaspec's "Stealth Recoil Spring" buffer assembly has only one purpose: use in a rifle in a manner that infringes the '424 Patent. Armaspec's customers have directly infringed the '424 Patent by using the "Stealth Recoil Spring" buffer assembly in a rifle.

26. Armaspec has had actual notice of the '424 Patent since at least as early as June 6, 2017, and Armaspec has not ceased its infringing activities. The induced infringement of the '424 Patent by Armaspec has been and continues to be willful and deliberate.

27. J & K has been injured by Armaspec's conduct, and will continue to be injured in an amount yet to be determined until an injunction issues. Unless enjoined, Armaspec will continue to infringe the '424 Patent, and J & K will suffer irreparable injury as a direct and proximate cause of the Armaspec's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, J & K demands entry of judgment that:

1. Armaspec has infringed and induced infringement of and contributed to the infringement of U.S. Patent No. 8,800,424;

2. Armaspec and any of its officers, agents, servants, employees, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with Armaspec be enjoined from infringing, inducing to infringe and contributing to the infringement of U.S. Patent No. 8,800,424;

3. Damages be awarded to J & K sufficient to compensate for Armaspec's infringement of U.S. Patent No. 8,800,424;

4. Armaspec's infringement U.S. Patent No. 8,800,424 is and has been willful;

5. This case is an exceptional case under 35 U.S.C. § 285;

6. The damages awarded to J & K be trebled under 35 U.S.C. § 284 and that J & K be awarded its reasonable costs and attorneys' fees incurred in connection with this action under 35 U.S.C. § 285;

7. Armaspec pay J & K pre-judgment and post-judgment interest on the damages awarded;

8. In the event a permanent injunction against future acts of infringement is not granted by the Court, that J & K be awarded a compulsory ongoing license fee; and

9. J & K be granted such other and further relief as this Court may deem just and proper.

**COMPLAINT FOR PATENT INFRINGEMENT**

| | |
|---|---|
| Dated: December 26, 2017 | HAYNES AND BOONE, LLP |
| | By:   */s/  Jennifer M. Lantz* |
| | Jennifer M. Lantz (CA Bar No. 202252) |
| | (jennifer.lantz@haynesboone.com) |
| | **HAYNES AND BOONE, LLP** |
| | 525 University Avenue, Suite 400 |
| | Palo Alto, California 94301 |
| | Phone: (650) 687-8800 |
| | Fax: (650) 687-8801 |
| | |
| | Attorneys for Plaintiff |
| | J & K IP ASSETS, LLC |

## **DEMAND FOR JURY TRIAL**

J & K demands trial by jury on all jury-triable issues in the Complaint, as provided by Rule 38 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Dated: December 26, 2017 | HAYNES AND BOONE, LLP |
| | By   */s/  Jennifer M. Lantz* |
| | Jennifer M. Lantz (CA Bar No. 202252) |
| | (jennifer.lantz@haynesboone.com) |
| | **HAYNES AND BOONE, LLP** |
| | 525 University Avenue, Suite 400 |
| | Palo Alto, California 94301 |
| | Phone: (650) 687-8800 |
| | Fax: (650) 687-8801 |
| | |
| | Attorneys for Plaintiff |
| | J & K IP ASSETS, LLC |