UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & K IP ASSETS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARMASPEC, INC.,<br><br>Defendant. | Case No. 3:17-cv-07308-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

J & K IP Assets, LLC ("J & K") accuses Armaspec, Inc. ("Armaspec") of infringing U.S. Patent No. 8,800,424 ("the '424 patent") by manufacturing, advertising, and selling its "Stealth Recoil Spring" buffer assembly. It adequately identifies the accused product, but it fails to sufficiently plead how the Stealth Recoil Spring infringes the '424 patent. While it need not identify the specific claim or provide an element-by-element comparison at this stage, it must provide some allegations to provide Armaspec with notice of how its product infringes J & K's patent. Its claims are DISMISSED WITH LEAVE TO AMEND.[1] J & K shall file an amended complaint within 20 days.

## BACKGROUND

J & K holds the rights to the intellectual property of JP Enterprises, Inc., which manufactures and sells a broad range of firearms and firearm components. Compl. ¶ 8 (Dkt. No. 1). It alleges that Armaspec infringes the '424 patent, entitled "Capture Spring Assembly for a Firearm," by manufacturing, advertising, and selling its "Stealth Recoil Spring" buffer assembly.

---

[1] On amendment, J & K should attach the exhibits mentioned in but omitted from its complaint.

*Id*. ¶¶ 9–12. It also alleges that Armaspec has used the "Stealth Recoil Spring" buffer assembly "for purposes of demonstrations to customers and potential customers." *Id*. ¶ 12. It brings claims for direct infringement, Compl. ¶ 17, indirect infringement by inducement, *id*. ¶¶ 19–23, and indirect contributory infringement, *id*. ¶¶ 24–25. It alleges willful infringement based on Armaspec's actual knowledge of its patent since at least June 6, 2017. *Id*. ¶¶ 18, 20, 25.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

United States District Court
Northern District of California

1 **DISCUSSION**

**I. ACCUSED PRODUCT**

Armaspec argues that J & K's complaint must be dismissed because it "inadequately identifies the accused product(s)[.]" Mot. to Dismiss at 3 (Dkt. No. 21)(capitalization omitted). After citing a bevy of cases for the proposition that J & K must identify the specific product accused of infringement, *id.* at 3–4, Armaspec acknowledges that J & K has identified a specific product (the Stealth Recoil Spring), but contends that "[i]t is not clear whether [p]laintiff is alleging that the 'Stealth Recoil Spring' is the only Accused Product or whether Armaspec's other products also infringe." *Id.* at 4. At this stage, J & K need not disclose each known accused product. *E.g.*, *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016)("Additionally, defendant's argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by both the local patent rules and Federal Circuit authority."). That information is required by the initial disclosures due not later than 14 days after the initial case management conference. Patent L. R. 3-1(b).

**II. DIRECT INFRINGEMENT**

Armaspec insists that J & K's allegations fail to state a claim for direct infringement because they "essentially regurgitate[] the requirements in 35 U.S.C. section 217[,]" do not include an explanation of how the Stealth Recoil Spring "contains each and every limitation of the asserted claims[,]" and include conclusory allegations that Armaspec itself has used the Stealth Recoil Spring in demonstrations to potential customers. Mot. at 4–5. J & K's complaint sufficiently alleged *what* Armaspec did to infringe the '424 patent as required under 35 U.S.C. section 217, but it does not adequately plead *how* Armaspec's Stealth Recoil Spring infringes. J & K need not allege how the Stealth Recoil Spring contains each and every limitation of the asserted claims (that specificity is reserved for initial disclosures), but it must allege *some* facts about the scope of the patent claims and how the Stealth Recoil Spring infringes. *Compare* Compl. ¶¶ 17, 19 (alleging only that certain products including the Stealth Recoil Spring are "within the scope of one or more claims of the '424 Patent), *with Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d

1372, 1379 (Fed. Cir. 2017)(finding allegations sufficient to state a claim for patent infringement when they included the where, when, who, and why of infringement); *Windy City Innovations, LLC v. Microsoft Corp.*, Case No. 16-cv-01729-YGR, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016)("The Complaint here is not so riddled with such deficiencies. To the contrary, the Complaint describes (i) the Accused Instrumentalities and the functionalities of those products which allegedly infringe on plaintiff's patents and (ii) the ways in which the Accused Instrumentalities meet claims of the Patents.").

J & K's direct infringement claim is DISMISSED WITH LEAVE TO AMEND.

## III. INDIRECT INFRINGEMENT

Since J & K's allegations of direct infringement are insufficient to state a claim, its claims for indirect infringement necessarily fail. *See, e.g.*, *Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)("In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.")(internal quotation marks omitted); *id*. ("In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses.")(internal quotation marks omitted).

If J & K is able to plausibly plead direct infringement, its indirect infringement allegations based on inducement are otherwise sufficient to state a claim. J & K alleges that Armaspec had knowledge of the '424 patent and therefore, "specifically intended" its customers and retailers to infringe the '424 patent by using the Stealth Recoil Spring and "induced its customers and retailers to infringe through advertisements, marketing, product instructions, product support, and/or retailer agreements." Compl. ¶¶ 21–23. Courts have found allegations such as these sufficient to state a claim for induced infringement. *E.g.*, *Lifetime Indus.*, 869 F.3d at 1380 (finding induced infringement allegations sufficient where plaintiff alleged defendant's "knowledge of the [patent],

its scope, and the products covered thereby."); *Regents of Univ. of California v. Boston Sci. Corp.*, No. 16-CV-06266-YGR, 2017 WL 2335543, at *3 (N.D. Cal. May 30, 2017)("The Complaint alleges seminars, tradeshows, marketing materials, and training programs used by BSC to promote the use of BSC devices to practice the Patented Method. [citation] These allegations are sufficient to allege the basis for the claim of induced infringement of the alleged patents… ."). But its contributory infringement allegations fall short.[2] The complaint contains zero allegations about the invention actually claimed in the patent, and not even a conclusory allegation that the Stealth Recoil Spring lacks substantial noninfringing uses. Under these circumstances, J & K fails to state a claim for contributory infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)(affirming dismissal of contributory infringement allegations where complaint provided for substantial non-infringing uses of accused products).

J & K's indirect infringement allegations are DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

In accordance with the foregoing, Armaspec's motion to dismiss is GRANTED. J & K shall file an amended complaint within 20 days.

**IT IS SO ORDERED.**

Dated: May 2, 2018

William H. Orrick
United States District Judge

---

[2] Armaspec did not move to dismiss J & K's contributory infringement claim in its motion, but argued for dismissal of that claim in reply. "It is well established that issues cannot be raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007). Nonetheless, I am briefly addressing these allegations for J & K to substantiate its claims on amendment.