UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & K IP ASSETS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARMASPEC, INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-07308-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS AND STRIKING AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 32 |

## BACKGROUND

J & K IP Assets, LLC ("J & K") accuses Armaspec, Inc. ("Armaspec") of infringing U.S. Patent No. 8,800,424 ("the '424 patent") by manufacturing, advertising, and selling its "Stealth Recoil Spring" buffer assembly. I previously dismissed its claims with leave to amend because it failed to adequately allege how Armaspec's products infringe the '424 patent. Order Granting Mot. to Dismiss (Dkt. No. 27).

On May 9, 2018, J & K filed an amended complaint, and on May 23, 2018, Armaspec answered and asserted counterclaims for (1) declaratory judgment of invalidity of the '424 patent under 35 U.S.C. § 102, (2) declaratory judgment of invalidity of the '424 patent under 35 U.S.C. § 103, (3) declaratory judgment of invalidity of the '424 patent under 35 U.S.C. § 112, and (4) declaratory judgment of noninfringement of the '424 patent. Ans. and Counterclaims (Dkt. No. 31). It also raised the following affirmative defenses: (1) failure to state a claim, (2) non-infringement, (3) invalidity under 35 U.S.C. § 102, (4) invalidity under 35 U.S.C. § 103, (5) invalidity under 35 U.S.C. § 112, (6) limitation on damages, (7) failure to meet the standard for willful infringement, (8) no immediate or irreparable injury, (9) exceptional case, and (10) [lack of] actual injury. *Id*.

Because Armaspec's counterclaims fail to include any non-conclusory factual allegations, they are DISMISSED WITH LEAVE TO AMEND and its affirmative defenses are STRICKEN. It should file an amended answer within 20 days. This matter is suitable for determination without oral argument, and the hearing is VACATED. Civil L. R. 7-1(b).

**LEGAL STANDARD**

**I.     MOTION TO DISMISS COUNTERCLAIMS**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a claim if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the claimant pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claimant must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether a claimant has stated a claim upon which relief can be granted, the Court accepts the claimant's allegations as true and draws all reasonable inferences in favor of the claimant. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the claims, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See*

*Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and alteration omitted). Motions to strike, however, "are generally disfavored by courts because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). Such motions should only be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even though the offending matter literally was within one or more of the categories set forth in Rule 12(f)." *Id.* (citation and quotation marks omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12–00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

## DISCUSSION

### I. COUNTERCLAIMS

J & K argues that Armaspec's counterclaims must be dismissed because they fail to "provide any factual content for the alleged invalidity, noninfringement, and other defensive contentions." Mot. to Dismiss/Strike ("Mot.")(Dkt. No. 32). J & K is correct. Armaspec asserts counterclaims for declaratory judgment that the '424 patent is invalid as anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103, but it fails to include any allegations identifying prior art or explaining how that art anticipates or renders obvious any particular claims of the '424 patent. *See* Ans. and Counterclaims ¶¶ 77–86. It likewise does not offer any factual allegations in

3

support of its request for declaratory judgment that the '424 patent is invalid under 35 U.S.C. § 112. *See id.* ¶¶ 87–91. It does not even identify or explain which provisions under section 112 it intends to argue for invalidity—indefiniteness, lack of enablement, or lack of written description. Its fourth counterclaim for declaratory judgment of noninfringement fares no better. *See* Ans. and Counterclaims ¶¶ 92–96 (including only conclusory allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Infineon Techs. Ag v. Volterra Semiconductor Corp.*, No. C 11-6239 MMC, 2013 U.S. Dist. LEXIS 17501, at *2 (N.D. Cal. Feb. 7, 2013)(dismissing counterclaims for declaratory judgment of noninfringement and invalidity for failure to plead sufficient factual matter).

In opposition, Armaspec confuses legal standards. Opp'n (Dkt. No. 33). It cites to *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522 (9th Cir. 2008), for the proposition that a "court should focus on whether the counterclaims serve any useful purpose and should dismiss or strike a redundant counterclaim only when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." Opp'n at 3. As an initial matter, *Leadsinger* does not include that quotation. Moreover, the issue here is not whether to strike a redundant counterclaim; the question is whether Armaspec has stated a claim for relief.

Next, it argues that its claims are "properly pled" because "plaintiffs have more information regarding the issues in this suit than litigants in other types of suits frequently have." *Shire LLC v. Impax Labs., Inc.*, No. C 10-5467 RS, 2011 WL 13152734, at *3 (N.D. Cal. Aug. 29, 2011). In *Shire*, Judge Seeborg explicitly stated that "the brevity of the claims and counterclaims in this case must be judged in context[,]" and "[t]he context here includes the fact that this case was initiated after defendants filed their respective ANDAs [abbreviated new drug applications] and notice letters." *Id*. *Shire* does not help Armaspec in this standard patent infringement suit.

Then Armaspec proceeds to argue that its counterclaims should not be stricken because J & K has not articulated any prejudice. Opp'n at 3–4; *see Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253-WHO, 2016 WL 6393503, at *11 (N.D. Cal. Oct. 28, 2016)("Although it is unclear to me whether Counterclaim 1 serves any useful purpose, Openwave

4

has not identified any prejudice that it would suffer if this counterclaim is not struck."). But J & K has not moved to strike Armaspec's counterclaims as redundant. As explained above, it moves to dismiss the claims under Rule 12(b)(6).

Because Armaspec has not plausibly pleaded its counterclaims, they are DISMISSED WITH LEAVE TO AMEND.

## II. AFFIRMATIVE DEFENSES

J & K argues that Armaspec's affirmative defenses must be stricken because they also lack any factual support. Mot. at 4. As explained in the legal standard above, courts in this district have found that affirmative defenses devoid of factual content should be struck. *E.g.*, *Finjan, Inc. v. Bitdefender Inc.*, No. 17-cv-04790-HSG, 2018 U.S. Dist. LEXIS 64765, at *10 (N.D. Cal. Apr. 17, 2018)("This affirmative defense is entirely devoid of factual content. The Court therefore finds that it does not meet the *Twombly/Iqbal* standard.").

Armaspec cites to *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015), for the proposition that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Id*. at 1019. But, even after *Kohler*, courts in this district continue to require affirmative defenses to meet the *Twombly*/*Iqbal* standard. *E.g.*, *Murphy v. Trader Joe's*, No. 16-cv-02222-SI, 2017 U.S. Dist. LEXIS 7754, at *4-5 (N.D. Cal. Jan. 19, 2017)("But this Court does not read *Kohler* as stating a more lenient pleading standard."); *Perez v. Wells Fargo & Co.*, No. 14-0989, 2015 U.S. Dist. LEXIS 126119, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015) ("Defendants' citation to the *Kohler* decision is unpersuasive, as the Ninth Circuit did not specifically hold in that case that the *Twombly/Iqbal* standard does not apply to the pleading of affirmative defenses."). And I have previously "[a]cknowledg[ed] that this issue is not settled," but decided to "follow the most recent decisions from this Court and apply the *Twombly/Iqbal* standard." *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 U.S. Dist. LEXIS 130070, at *51-52 (N.D. Cal. Aug. 15, 2017).

Since Armaspec's affirmative defenses are limited to single sentence recitations of "mere legal conclusions" they are stricken from the answer. In its amended answer, Armaspec should include additional allegations in support of its affirmative defenses.

5

## CONCLUSION

In accordance with the forgoing, J & K's motion to dismiss/strike is GRANTED. Armaspec shall file an amended answer within 20 days.

**IT IS SO ORDERED.**

Dated: July 16, 2018



William H. Orrick
United States District Judge